FILED

2011 JUL 27 PM 1:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

1  JON D. MEER (State Bar No. 144389)
   E-mail: jmeer@seyfarth.com
2  **SEYFARTH SHAW LLP**
3  2029 Century Park East, Suite 3500
   Los Angeles, California  90067-3021
4  Telephone:  (310) 277-7200
   Facsimile:   (310) 201-5219
5

6  DENNIS S. HYUN (State Bar No. 224240)
   E-mail: dhyun@seyfarth.com
7  **SEYFARTH SHAW LLP**
   333 South Hope Street, Suite 3900
8  Los Angeles, California  90071
   Telephone:  (213) 270-9600
9  Facsimile:   (213) 270-9601

10
   Attorneys for Defendants
11 BEST BUY STORES, L.P. (erroneously sued as "BEST BUY, INC.")
   and BRUCE WILLIAMSON
12

13              **UNITED STATES DISTRICT COURT**

14      **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

15 DIANA MUNOZ, an individual,        | Case No.

16              Plaintiff,            | **DEFENDANTS' NOTICE OF**
                                       | **REMOVAL OF CIVIL ACTION**
17      v.                            | **TO UNITED STATES DISTRICT**
                                       | **COURT PURSUANT TO**
18 BEST BUY, INC., a corporation;      | **DIVERSITY OF CITIZENSHIP**
19 SANDY WADE, an individual; BRUCE    | **JURISDICTION [28 U.S.C.**
   WILLIAMSON, an individual; and      | **SECTIONS 1332 AND 1441]**
20 DOES 1 through 50, inclusive,
                                       | [San Bernardino County Superior
21              Defendants.           | Court Case No. CIVRS1106094]
22
                                        Complaint Filed:  June 28, 2011
23                                      Trial Date:        Not Set
                                        Discovery Cutoff:  Not Set
24                                      Motion Cutoff:     Not Set
25
26
27
28

13598499v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION (RIVERSIDE) AND TO PLAINTIFF DIANA MUNOZ AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Best Buy Stores, L.P. ("Best Buy") (erroneously sued as "Best Buy, Inc.") and Bruce Williamson ("Williamson") (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division (Riverside), and states that removal is proper for the following reasons:

## I.    BACKGROUND

1.    On June 28, 2011, the unverified Complaint (the "Complaint") was filed on behalf of Plaintiff Diana Munoz ("Plaintiff") in the Superior Court of the State of California, County of San Bernardino, entitled, "*DIANA MUNOZ v. BEST BUY, INC.; SANDY WADE; BRUCE WILLIAMSON; and DOES 1 through 50, inclusive,*" designated Case No. CIVRS1106094 (the "State Court Action").  The Complaint alleges seven causes of action for: (1) "Disability Discrimination"; (2) "Failure to Accommodate Disability"; (3) "Harassment on the Basis of Disability"; (4) "Failure to Prevent Discrimination and Harassment on the Basis of Disability"; (5) "Retaliation in Violation of the FEHA"; (6) "Retaliation in Violation of Public Policy"; and (7) "Wrongful Termination in Violation of Public Policy."  True and correct copies of the: Summons; Complaint; Civil Case Cover Sheet; Certificate of Assignment; Notice of Case Management Conference and Order to Show Cause; ADR Package; Contracted Mediation Service Providers; and Accommodations for Persons with Disabilities Using Court Facilities are

13598499v.1

1  collectively attached as Exhibit "A" to the Declaration of Dennis S. Hyun ("Hyun
2  Decl."), filed herewith.

3      2.    On July 6, 2011, Williamson was served with the: Summons;
4  Complaint; Civil Case Cover Sheet; Certificate of Assignment; Notice of Case
5  Management Conference and Order to Show Cause; ADR Package; Contracted
6  Mediation Service Providers; and Accommodations for Persons with Disabilities
7  Using Court Facilities, true and correct copies of which are collectively attached as
8  Exhibit "B" to the Hyun Decl.

9      3.    On July 26, 2011, Defendants filed their Answer to the unverified
10 Complaint, a true and correct copy of which is attached as Exhibit "C" to the Hyun
11 Decl.

12 **II.**    **TIMELINESS OF REMOVAL**

13     4.    This Notice of Removal is timely because it is being filed within thirty
14 (30) days of Best Buy's receipt of the Summons and Complaint on July 1, 2011,
15 and within one (1) year of the commencement of this action. 28 U.S.C. § 1446(b).
16 Although Williamson was served on July 6, 2011, and, therefore, has thirty (30)
17 days to remove from the date he was served, as set forth below, he nevertheless
18 joins in this timely Notice of Removal. *See, e.g., Delfino v. Reiswig*, 630 F.3d 952,
19 956 (9th Cir. 2011) ("each defendant is entitled to thirty days to exercise his
20 removal rights after being served").

21 **III.**    **PROCEEDINGS IN STATE COURT**

22     5.    The Superior Court has scheduled an Order to Show Cause Why the
23 Case Should Not Be Dismissed for Failure to Serve the Summons and Complaint
24 for 8:30 a.m. on September 26, 2011, and a Case Management Conference for 8:30
25 a.m. on December 2, 2011. Other than the Order to Show Cause and the Case
26 Management Conference, there are no other proceedings scheduled in the Superior
27 Court. Exhibits "A" through "C" attached to the Hyun Decl. constitute all of the
28

13598499v.1

1  pleadings that have been served on and/or filed by Defendants prior to the filing of
2  this Notice of Removal.  Hyun Decl., ¶ 6.

3  **IV.   DIVERSITY OF CITIZENSHIP JURISDICTION**

4       6.   The Complaint, and each alleged cause of action contained therein,
5  may be properly removed on the basis of diversity of citizenship jurisdiction, in
6  that it is a civil action between citizens of different states and the matter in
7  controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C.
8  §§ 1332(a)(1), 1441(a).

9       **A.   Plaintiff Is A Citizen Of California**

10      7.   For diversity purposes, a person is a "citizen" of the state in which he
11  or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th
12  Cir. 1983).  A party's residence is *prima facie* evidence of her domicile.  *State*
13  *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff's
14  own allegations in the Complaint establish that she is a California citizen.
15  Specifically, Plaintiff alleges that "at all times mentioned in [the] Complaint, [she]
16  resided in the County of Riverside, California."  Complaint, ¶ 1.  Plaintiff further
17  alleges that she worked for Best Buy at its Geek Squad Service Center located at
18  14395 Pipeline Avenue, Chino, California.  *Id.*, ¶¶ 2, 5, 13.  Plaintiff further alleges
19  that she worked at this Service Center from October 19, 2009 through the date of
20  her separation of employment, July 8, 2010.  *Id.*, ¶ 32.  As such, Plaintiff resided
21  and, therefore, was domiciled in California from the date of her hiring through the
22  date of her alleged separation, and all the way through the filing of this Complaint.
23  Accordingly, Plaintiff is and, at all relevant times, was a citizen and resident of the
24  State of California.

25      **B.   Best Buy Is Not A Citizen Of California**

26      8.   Best Buy is now and, was at the time of the filing of this action, a
27  citizen of a State other than California within the meaning of 28 U.S.C. Section

28

13598499v.1

1332(c)(1).  For diversity purposes, "[a] limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

9.     In *Davis*, 557 F.3d at 1028-1029, the Ninth Circuit expressly held that Best Buy is not a citizen of the State of California.  In *Davis*, 557 F.3d at 1027, the plaintiff filed a class action in state court against Best Buy and other defendants for alleged unfair business practices.  *Id.*  The defendants removed the lawsuit to federal court pursuant to the Class Action Fairness Act of 2005, which grants federal courts original jurisdiction over class actions if they meet certain requirements, including that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *Id.*  The only issue before the Ninth Circuit was "whether Best Buy Stores has its principal place of business in California" and, therefore, qualifies as a citizen of California.  *Id.* at 1027.  Because Best Buy was a "nationwide retailer" with "operations spread across many states," the Ninth Circuit applied the "nerve center" test and held that Best Buy was not a citizen of the State of California.  *Id.* at 1028.

10.     More recently, the United States Supreme Court in *The Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** ....

*Id.* at 1192 (emphasis added).

11.     Best Buy is now, and ever since this action commenced has been, a Limited Partnership organized and existing under the laws of the State of Virginia,

4

1  with its principal place of business in the State of Minnesota. *See* Declaration of

2  Suzan Denise McGinnis ("McGinnis Decl."), ¶¶ 2-5.

3      12.   Pursuant to *Davis*, 557 F.3d at 1028 and *The Hertz Corp.*, 130 S. Ct.

4  at 1192, Best Buy's principal place of business is Minnesota because its "nerve

5  center" is located in the State of Minnesota. Specifically, Best Buy's headquarters

6  are located in the State of Minnesota and the majority of its executive and

7  administrative functions take place in Minnesota. McGinnis Decl., ¶¶ 4-5. Best

8  Buy's high-level management team is based in Minnesota and conducts Best Buy's

9  business from the Minnesota headquarters. *Id.* Further, the majority of Best Buy's

10  domestic administrative functions, including payroll, accounting, purchasing,

11  marketing, and information systems are located in Minnesota. *Id.*, ¶ 5. Therefore,

12  Best Buy is a citizen of the State of Minnesota pursuant to the "nerve center" test

13  and the State of Virginia pursuant to its organization.

14      13.   Even if this Court were to consider the citizenship of Best Buy's

15  general and limited partners, Best Buy is still not a citizen of California because its

16  partners are not citizens of the State of California. *See, e.g., Grupo Dataflux v.*

17  *Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) ("a partnership … is a citizen

18  of each State or foreign country of which any of its partners is a citizen"); *Johnson*

19  *v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (same).

20      14.   Best Buy's general and limited partners are BBC Property Co. and

21  BBC Investment Co., respectively. McGinnis Decl., ¶ 6. BBC Property Co. is a

22  corporation incorporated in the State of Minnesota with its principal place of

23  business located in the State of Minnesota. *Id.*, ¶ 7. The majority of BBC Property

24  Co.'s executive and administrative functions take place in Minnesota and the

25  greater part of its domestic administrative functions are located in Minnesota. *Id.*

26      15.   BBC Investment Co. is a corporation incorporated in the State of

27  Nevada with its principal place of business located in the State of Minnesota. *Id.*, ¶

28  8. The majority of BBC Investment Co.'s executive and administrative functions

13598499v.1

1    take place in Minnesota. *Id.* The greater part of BBC Investment Co.'s domestic

2    administrative functions are located in Minnesota. *Id.*

3        16.    Accordingly, neither Best Buy nor its general and limited partners are

4    citizens of the State of California.

**C.   Because Williamson And Wade Are Sham Defendants, Their Citizenship Should Be Disregarded For Determining Diversity**

7        17.    As a threshold matter, Sandy Wade ("Wade") is a permanent resident

8    of and, thus, domiciled in the State of Arizona. Declaration of Sandy Wade

9    ("Wade Decl."), ¶ 3. Therefore, her citizenship does not destroy diversity. In any

10   event, both Wade and Williamson are "sham" defendants.

11       18.    It is well-settled that a party cannot attempt to defeat diversity of

12   citizenship jurisdiction by adding "sham" defendants. *See, e.g., Morris v. Princess*

13   *Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Dodson v. Spillada Maritime*

14   *Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*,

15   223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (same).

16       19.    Joinder of a defendant is fraudulent if the defendant cannot be liable

17   to the plaintiff on any theory alleged in the complaint. *See, e.g., Ritchey v. Upjohn*

18   *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*,

19   811 F.2d 1336, 1339 (9th Cir. 1987).

20       20.    If the facts reveal that joinder is fraudulent, the defendant may be

21   dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil

22   Procedure, which provides that "[p]arties may be dropped or added by order of the

23   court on motion of any party ... at any stage of the action and on such terms as are

24   just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

25       21.    In hopes of evading diversity of citizenship jurisdiction, Plaintiff has

26   asserted claims against individual defendants Williamson and Wade for:

27   "Disability Discrimination"; "Retaliation in Violation of [the California Fair

28

13598499v.1

1    Employment and Housing Act or the FEHA]"; and "Retaliation in Violation of

2    Public Policy."  However, neither Williamson nor Wade are liable for any of the

3    claims alleged against them in the Complaint, as a matter of law.

4          22.    California courts have repeatedly held that individual employees, such

5    as Wade and Williamson, cannot be sued for alleged discrimination under the

6    FEHA.  *See, e.g., Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1164

7    (2008) ("the FEHA does not make individuals personally liable for

8    discrimination"); *Leek v. Cooper*, 194 Cal. App. 4th 399, 408 (2011) ("only the

9    employer, not individual supervisory employees, may be held personally liable

10   under FEHA for discriminatory hiring, firing, and personnel practices"); *Reno v.*

11   *Baird*, 18 Cal. 4th 640, 663 (1998) ("individuals who do not themselves qualify as

12   employers may not be sued under the FEHA for alleged discriminatory acts");

13   *Janken v. GM Hughes Electr.*, 46 Cal. App. 4th 55, 67-71 (1996) ("[s]ince we have

14   concluded that only employers -- and not individual supervisory employees -- are

15   at risk of liability for discrimination, and since only discrimination is alleged here,

16   the trial court was correct in dismissing the individual supervisory employees").

17   As such, Plaintiff's claim for "Disability Discrimination" alleged against Wade and

18   Williamson must fail.

19         23.    California courts have also rejected claims for retaliation against

20   individual employees based on the same rationale.  *See, e.g., Jones*, 42 Cal. 4th at

21   1173 ("[a]ll of these reasons for not imposing individual liability for discrimination

22   … apply equally to retaliation"; "the employer is liable for retaliation under [the

23   FEHA], but nonemployer individuals are not personally liable for their role in that

24   retaliation"); *Grobeson v. City of Los Angeles*, 190 Cal. App. 4th 778, 812-813

25   (2010) (affirming dismissal of the plaintiff's retaliation claim alleged against

26   former supervisor; noting that it is "clear and strong that individual liability cannot

27   be imposed under FEHA").

28

24. It is also well-established that a plaintiff cannot circumvent California's bar against individual liability for discrimination and retaliation by recasting these claims as an alleged "violation of public policy." *See, e.g., Reno*, 18 Cal. 4th at 664 ("it would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric. Because plaintiff may not sue … an individual supervisor under the FEHA, she may not sue her individually for wrongful discharge in violation of public policy"); *Le Bourgeois v. Fireplace Manufacturers, Inc.*, 68 Cal. App. 4th 1049, 1052 (1998) ("persons cannot be sued as individuals for wrongful discharge in violation of fundamental public policy where the basis for the cause of action is alleged discrimination under California's Fair Employment and Housing Act"); *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 345-346 (1998) ("individual supervisory employees cannot be personally liable under the Fair Employment and Housing Act … or for discharge in violation of public policy for discrimination relating to personnel management decisions").

25. Accordingly, Plaintiff's claims for discrimination, retaliation, and violation of public policy are not legally viable against Wade and Williamson and, therefore, their citizenship should be disregarded as to these claims.

26. Equally without merit is Plaintiff's claim for harassment against Wade and Williamson. To qualify as actionable harassment, the conduct alleged by Plaintiff "must be extreme enough to amount to a change in terms or conditions of employment." *See, e.g., Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999); *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 463 (1997).

27. As explained by the California Court of Appeal in *Janken v. GM Hughes Electr.*, 46 Cal. App. 4th 55, 64-65 (1996), harassment under the FEHA requires more than simple management decisions:

> [C]ommonly necessary personnel management actions such as hiring and firing, **job or project assignments**, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, **do not come within the meaning of harassment.**

*Id.* (holding that the plaintiff's complaint was properly dismissed because the plaintiff failed to allege any harassing behavior; emphasis added).

28.    Plaintiff alleges that she was harassed on account of her purported disabilities. Complaint, ¶¶ 50-51. However, none of the conduct alleged even comes close to actionable harassment. Plaintiff's allegations are limited to Wade and Williamson purportedly not complying with Plaintiff's medical restrictions, requiring "Plaintiff to complete certain assignments on a daily basis," and then informing Plaintiff that her employment was being terminated for unexcused absences. *Id.*, ¶¶ 18-21, 32. These are precisely the types of allegations that the Court of Appeal in *Janken* held do not amount to actionable harassment because Plaintiff has alleged routine personnel-related conduct, such as assignment of job duties and informing Plaintiff of her termination. As such, it is undisputed that Wade and Williamson are "sham" defendants such that their citizenship should be disregarded for determining diversity of citizenship jurisdiction.

**D.    Amount In Controversy**

29.    While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 95 F.3d 856, 862 (9th Cir. 1996) ("defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount"). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the

1    face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

2    2004) (finding that the Court may consider facts presented in the removal petition).

3          30.    In determining whether a Complaint meets the $75,000 threshold of

4    28 U.S.C. Section 1332(a), a court may consider the aggregate value of claims for

5    compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v.*

6    *Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("[w]here both actual and

7    punitive damages are recoverable under a complaint each must be considered to

8    the extent claimed in determining jurisdictional amount.") (footnote omitted);

9    *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.) *cert. denied*, 459 U.S.

10   945 (1982) (attorneys' fees may be taken into account to determine jurisdictional

11   amount).

12         31.    Based on the nature of the allegations and the damages sought,

13   Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of

14   costs and interests.

15         32.    Further, it is unimaginable that Plaintiff's counsel would seek less

16   than $75,000 in attorneys' fees for a jury trial of the claims alleged in the

17   Complaint.  If Plaintiff's counsel is seeking less than $75,000 in fees, Defendants

18   invite him to stipulate to this fact for purposes of this case.

19         33.    Plaintiff also alleges that her claimed damages "exceed[] $25,000.00."

20   Complaint, ¶ 6.  Plaintiff also seeks "[a]ctual damages," "[p]ain and suffering,"

21   "[p]unitive and exemplary damages," and "attorney's fees." *Id.* at p. 10:22, 24, 25-

22   26.  Moreover, given that Plaintiff asserts a claim for wrongful termination, she

23   will likely seek lost wages purportedly arising from her termination.  Her annual

24   compensation at the time of her termination was $22,963.20.  The Service Center

25   in which Plaintiff worked was closed on May 6, 2011.  Thus, Plaintiff's

26   employment would have ended in any event on May 6, 2011.  Nevertheless,

27   Plaintiff's lost wages for the time period between her separation of employment on

28   July 8, 2010, and the closing of the Service Center on May 6, 2011, are

1   approximately $19,136.  Plaintiff also will likely seek lost benefits as part of her

2   damages.  Thus, it is more likely than not that Plaintiff's alleged damages

3   consisting of lost wages and benefits, pain and suffering, and attorneys' fees meet

4   the $75,000 jurisdictional threshold.

5         34.    Further, in the unlikely event that Plaintiff should prevail at trial,

6   numerous recent jury awards to plaintiffs in disability discrimination cases have

7   exceeded $75,000. *See Landau v. County of Riverside*, 2010 WL 1648442 (C.D.

8   Cal. 2010) (award of $1,033,500 to employee who brought action against employer

9   based disability discrimination and failure to accommodate); *Dodd v. Haight*

10  *Brown & Bonesteel LLP*, 2010 WL 4845808 (L.A. County Superior Ct. 2010)

11  (award of $410,520 to employee wrongfully terminated based on disability and

12  medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A.

13  County Superior Ct. 2010) (award of $615,236 to employee in disability

14  discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL

15  330252 (C.D. Cal. 2010) (award of $300,000 to employee in disability

16  discrimination and retaliation action); *Morales v. Los Angeles County Metro.*

17  *Transp. Auth.*, 2008 WL 4488427 (L.A. County Superior Ct. 2008) (award of

18  $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.*,

19  2008 WL 4056258 (L.A. County Sup. Ct.) (award of $1,180,164 in disability

20  discrimination and failure to accommodate action where employee lost her position

21  after suffering on the job injury); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A.

22  County Superior Ct. 2008) (award of $600,000 to employee claiming wrongful

23  termination and disability and age discrimination); *Vaughn v. CNA Casualty of*

24  *California*, 2008 WL 4056256 (C.D. Cal. 2008) (award of $850,000 to employee

25  in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL

26  2456108 (L.A. County Superior Ct. 2007) (award of $173,056 to employee who

27  brought action based on disability and age discrimination against employer who

28  wrongfully terminated her); *Martin v. Arrow Elect.*, 2006 WL 2044626 (C.D. Cal.

11

1   2006) (award of $380,306 to employee who was wrongfully terminated based upon

2   the disabilities he developed during his employment); *Shay v. TG Const., Inc.*,

3   2002 WL 1918045 (Ventura County Superior Ct. 2002) (award of $462,500 to

4   employee wrongfully terminated on basis of disability).

5   **V.   ALL PARTIES HAVE JOINED IN THIS REMOVAL**

6           35.    Williamson has joined in this Notice of Removal because he has been

7   served with the Complaint.  Wade, however, has not been served with the

8   Summons and Complaint as of the date of this filing and, therefore, she need not

9   join in this Notice of Removal.  Wade Decl., ¶ 4; *see, e.g., Delfino*, 630 F.3d at 957

10  (holding that defendants who were not properly served did not need to join in

11  notice of removal).

12          36.    Moreover, as shown above, because Wade is a "sham" defendant, she

13  need not join in this Notice of Removal.  *See, e.g., Emrich v. Touche Ross & Co.*,

14  846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (citing *Hewitt v. City of Stanton*, 798 F.2d

15  1230, 1233 (9th Cir. 1986); *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A*

16  *Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970); and *Wilson v. Republic Iron &*

17  *Steel Co.*, 257 U.S. 92, 97 (1921)).

18          37.    In any event, given that Best Buy and Williamson have joined in this

19  Notice of Removal as the only defendants who have been served, no other parties

20  need to join in this Removal.

21  **VI.   VENUE**

22          38.    Plaintiff alleges that "venue is proper in San Bernardino County

23  because all events and actions that gave rise to [the] Complaint occurred in the

24  County of San Bernardino, California."  Complaint, ¶ 5.  Therefore, without

25  waiving Defendants' right to challenge, among other things, personal jurisdiction

26  and/or venue by way of a motion or otherwise, venue lies in the Central District,

27  Eastern Division, of this Court pursuant to 28 U.S.C. Sections 84(c), 1441(a), and

28

13598499v.1

1   1446(a).  Moreover, this Court is the United States District Court for the district

2   within which the State Court Action is pending.  Thus, venue lies in this Court

3   pursuant to 28 U.S.C. Section 1441(a).

## VII.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

6        39.   Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of

7   this Notice of Removal will be given promptly to Plaintiff and, together with a

8   copy of the Notice of Removal, will be filed with the Clerk of the Superior Court

9   of the State of California, County of San Bernardino, in the State Court Action.

10        40.   This Notice of Removal will be served on counsel for Plaintiff.  A

11   copy of the Proof of Service regarding the Notice of Removal will be filed shortly

12   after these papers are filed and served.

13        41.   WHEREFORE, Defendants pray that the State Court Action now

14   pending in the Superior Court of the State of California for the County of San

15   Bernardino, be removed to the United States District Court for the Central District

16   of California, Eastern Division (Riverside), through the timely filing of this Notice

17   of Removal.

19   DATED: July 27, 2011          **SEYFARTH SHAW LLP**

21   By: _____

22              JON D. MEER
               DENNIS S. HYUN
23   Attorneys for Defendants
     BEST BUY STORES, L.P. (erroneously
24   sued as "BEST BUY, INC.") and
     BRUCE WILLIAMSON

13

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
            )   ss
COUNTY OF LOS ANGELES  )

  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On **July 27, 2011**, I served the within documents:

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☒ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

## SEE ATTACHED SERVICE LIST

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

  I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

  Executed on **July 27, 2011**, at Los Angeles, California.

_____
Lisa Dancel

13612458v.1

# SERVICE LIST

Dane Miller
Matthew Wallin
YOUNG MILLER LLP
8000 Painter Ave., Suite 101
Whittier, CA 90602
Tel:  562.360.1192
Fax: 562.360.1198

***Attorneys for Plaintiff Diana Munoz***

13612458v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1182 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Diana Munoz

**DEFENDANTS**

Best Buy Stores, L.P. (erroneously sued as "Best Buy, Inc.") and Bruce Williamson

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Dane Miller (State Bar No. 226532)
Young Miller, LLP
8000 Painter Avenue, Suite 101
Whittier, California 90602
Tel: (562) 360-1192; Fax: (562) 360-1198

Attorneys (If Known)

JON D. MEER (State Bar No. 144389)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Tel: (310) 277-7200; Fax: (310) 201-5219

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** In excess of $75,000.

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity of citizenship jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: ED CV 11 - 01182 VAP (OP)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    **CIVIL COVER SHEET**    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff resides in Riverside County. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Best Buy Stores, L.P. is a citizen of the State of Minnesota because its principal place of business is located Minnesota and a citizen of the State of Virginia because it is organized as a Virginia limited partnership. Defendants Sandy Wade and Bruce Williamson are "sham" defendants, such that their citizenship can be disregarded. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date July 27, 2011
JON D. MEER

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                               )   ss
COUNTY OF LOS ANGELES   )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On **July 27, 2011**, I served the within documents:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☒    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

## SEE ATTACHED SERVICE LIST

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    Executed on **July 27, 2011**, at Los Angeles, California.

_____
Lisa Dancel

13612458v.1

1

## SERVICE LIST

2

3   Dane Miller

4   Matthew Wallin
  YOUNG MILLER LLP

5   8000 Painter Ave., Suite 101

6   Whittier, CA 90602
  Tel:  562.360.1192

7   Fax: 562.360.1198

8

  ***Attorneys for Plaintiff Diana Munoz***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13612458v.1